IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § | Case No. 5:07-cr-452 |
| MARIO JESUS OBREGON, et al. | § § § § | |

## MEMORANDUM AND ORDER

Pending is Mateo Ezequiel Valiente-Solis's "Motion to Amend Restitution Order." (Dkt. 533). The motion asks that the Court (1) amend the restitution order in this case to include $45,007.55 from medical bills paid by the Texas Crime Victim's Compensation Fund (CVC Fund), (2) amend the restitution order to remove the amount ordered to be paid to Columbia Doctor's Hospital of Laredo, and (3) order the U.S. Attorney's Office to release its claim to money in Valiente-Solis's attorney's trust account. The Government has responded to the motion. (Dkt. 536). For the following reasons, the motion will be denied.

## Background

Defendants were convicted of a gruesome kidnapping of Valiente-Solis that occurred in 2007. As part of Defendants' sentence, this Court ordered them to pay restitution to numerous victims who were medical providers for Valiente-Solis. The largest amount ordered to be paid to a single victim was $146,506.80 to Doctor's Hospital. The Court did not order restitution to be paid

to the CVC Fund.

In 2011, Valiente-Solis obtained a civil judgment in state court against Defendant Obregon for $9,604,000.00. He was then able to recover four of Obregon's properties to partially satisfy that judgment. Valiente-Solis sold the properties and received $129,537.02, but that money remains in a trust account because the Government has a claim on the money in order to satisfy the restitution order in this criminal case.[1]

Furthermore, in early 2014, the Texas Attorney General sent Valiente-Solis's attorney a Notice of Right of Subrogation on behalf of the CVC Fund. (Dkt. 533-2). The Notice, dated April 7, 2014, claimed $44,827.55 that the CVC Fund had paid for other medical costs incurred by Valiente-Solis.

On April 19, 2017, the Government filed a motion to modify the restitution order, indicating that Doctor's Hospital had already received $124,530.78 from insurance towards Valiente-Solis's account. In a hearing on May 9, 2017, the Government informed the Court that this understanding of the hospital's bills was erroneous. Accordingly, the motion was denied as moot. (Dkt. 532). At that same hearing, however, the parties raised the other issues discussed here, and the Court invited them to make any further motions they deemed appropriate. Valiente-Solis

---

[1] After the Court ordered restitution, but before Valiente-Solis filed his civil lawsuit against Obregon, the Government obtained a lien on the properties in question.

subsequently filed the pending motion.

## Analysis

"A sentence that imposes an order of restitution is a final judgment" and should not be disturbed without specific legal authority. 18 U.S.C. §3664(o). In order to grant Valiente-Solis any relief, therefore, the Court must have specific authority to do so.

A. <u>Amending the Restitution Order to Include the CVC Fund</u>

Valiente-Solis argues that numerous statutory sections would allow the Court to amend the restitution order with $45,007.55 owed to the CVC Fund. The Government insists that none of these provisions apply to this case.

(i)    <u>18 U.S.C. §3664(d)(5)</u>

§3664(d)(5) provides the means for a Court to include restitution for amounts that were not ascertainable at the time of the sentencing. It provides:

> If the victim subsequently discovers further losses, the victim shall have 60 days after discovery of those losses in which to petition the court for an amended restitution order. Such order may be granted only upon a showing of good cause for the failure to include such losses in the initial claim for restitutionary relief.

18 U.S.C. §3664(d)(5).

Key to the statute is that a victim must apply for an amended restitution order within 60 days of discovery of further losses. Here, Valiente-Solis was first sent the CVC Fund's subrogation

notice in April 2014.  Since that was over 60 days prior to the filing of this motion, §3664(d)(5) does not provide the Court authority to grant this relief.

(ii)    18 U.S.C. §3664(k)

§3664(k) requires defendants to notify the Court of any material change in their economic circumstances.  "Upon receipt of the notification, the court may . . . adjust the payment schedule, or require the immediate payment in full."  18 U.S.C. §3664(k). Since Valiente-Solis does not request a change in the payment schedule, §3664(k) does not provide the Court with authority to grant the Valiente-Solis's requested relief.

(iii)    18 U.S.C. §3613A

This section allows for resentencing and other remedies "[u]pon a finding that the defendant is in default on a payment of a fine or restitution."  18 U.S.C. §3613A.  Because there has been no finding of default as to any of the defendants in this case, this section does not apply here.

The Court has no legal authority to amend the restitution order with $45,007.55 owed to the CVC Fund.  Therefore, the Court will deny the Valiente-Solis's request for such relief.

B. Amending the Restitution Order to Remove the Amount Owed to Doctor's Hospital

Valiente-Solis asks for the Court to remove the amount owed to Doctor's Hospital in the restitution order, because he claims that

Doctor's Hospital has written off the bill. Not only is there is no evidence of this, but Valiente-Solis has provided no authority allowing the Court to amend the restitution order for this reason.

C. Ordering the U.S. Attorney's Office to Cease Laying Claim on Money in the Trust Account

Valiente-Solis's next asks the Court to order the Government to withdraw a claim to money that might satisfy the restitution order in this case. Beyond the oddity of this request, the Court finds no authority that would allow it to grant this request.

Conclusion

This is a complicated situation that does not lend itself to a simple solution. The Court has no apparent authority to enter any order that would resolve the equitable dilemmas of this case. The Court believes that the only way to resolve the claims of the various parties would be for them to meet and make a serious, good-faith effort to mediate this dispute.

Valiente-Solis's motion (Dkt. 533) is DENIED.


DONE at Laredo, Texas, this 15th day of August, 2017.


_____
George P. Kazen
Senior United States District Judge